IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MEKONNEN MEKURIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GLR-17-3204 |
| MRS. LEASURE, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Mekonnen Mekuria's Complaint, filed on October 27, 2017 against Defendant Mrs. Leasure and accompanied by a Motion to Proceed in Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Mekuria's Motion because his financial affidavit indicates he is indigent, but the Court will dismiss the Complaint without prejudice.

### I.  BACKGROUND

Mekuria states he is serving a life sentence and was considered for release on parole by the Maryland Parole Commission on October 6, 2017. (Compl. at 2, ECF No. 1). Leasure is employed at North Branch Correctional Institution ("NBCI") where Mekuria is incarcerated. Mekuria alleges Leasure is in charge of ensuring that all necessary documents are presented to the Parole Commissioner for purposes of parole hearings conducted at NBCI. (Id.). He states that when he reviewed his file prior to his parole hearing, he noted that a psychiatrist's report was included with the documents

present and assumed it would be presented to the Commissioner for his consideration. (Id.). When Mekuria was informed that his life sentence meant that only the Governor of Maryland could approve his release and that he would be reconsidered in ten years, he protested and stated that he has a mental illness. He pleads that the Commissioner then remarked that "if I see a psychiatrist report I will refer[ ] you to psychological evaluation." (Id.). Mekuria concludes that Leasure negligently remained silent and did not point out that there was a psychiatrist report with his file. He further states that Leasure is possibly conspiring with his enemies at NBCI to keep him there for sexual purposes. (Id.).

As relief, Mekuria seeks an order from this Court requiring the Parole Commission to give him another consideration hearing. (Id. at 3). He further seeks monetary damages from Leasure because her negligence is forcing him to suffer for another ten years. He asserts that because of this action against Leasure, he no longer trusts her and believes she may have him killed; therefore, he seeks an order requiring Leasure to step down from her job. (Id.).

## II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2) (2012), a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Mekuria filed this complaint pursuant to 42 U.S.C. § 1983 (2012), which provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271

2

(1994) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)).  To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person acting under color of state law."  42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citation omitted).  "In analyzing a § 1983 claim, a court must first identify 'the specific constitutional right allegedly infringed.'"  <u>Hamilton v. Mayor of Balt.</u>, 807 F.Supp.2d 331, 343 (D.Md. 2011) (citing <u>Albright</u>, 510 U.S. at 271).

Here, Mekuria alleges a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Even when liberally construed, however, the Court concludes that the Complaint fails to state a claim under § 1983.

Following a valid criminal conviction, a prisoner does not have a protected due process right to discretionary release on parole.  See <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979); <u>see also</u> <u>Jago v. Van Curen</u>, 454 U.S. 14, 21 (1981) (holding that an expectation of parole is not a protected liberty interest).  "It is well established, however, that a [state] statute may create a liberty interest in parole release that is protected by the Due Process Clause of the Fourteenth Amendment where the statute gives rise to a legitimate 'expectation of parole.'"  <u>Hill v. Jackson</u>, 64 F.3d 163, 170 (4th Cir. 1995) (quoting <u>Bd. of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987); then quoting <u>Greenholtz</u>, 442 U.S. at 12).  If there is no state statute creating a liberty interest in parole release, there is consequently no "liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process."  <u>Id.</u> at 171.

Here, Maryland law "does not create a liberty interest," protected by the Due Process Clause, in parole consideration. McLaughlin-Cox v. Md. Parole Comm'n, 24 A.3d 235, 240 (Md.Ct.Spec.App. 2011) (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)). As a result, Mekuria has no liberty interest in the parole procedures that governed his parole determination. See Hill, 64 F.3d at 171. So, no cause of action accrued on Mekuria's behalf when Leasure allegedly did not correct a misunderstanding by the Commissioner considering him for parole after the Commissioner correctly advised Mekuria that his release on parole is contingent on gubernatorial approval.

In addition, Mekuria's mental health status does not affect the requirement for the Governor's approval of parole release for Maryland inmates serving life sentences. See Md. Code Ann., Corr. Servs. § 7-301(d)(4) ("[A]n inmate serving a term of life imprisonment may only be paroled with the approval of the Governor."). Thus, Defendant's silence caused Mekuria no injury, constitutional or otherwise.[1]

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Mekuria's Motion to Proceed in Forma Pauperis (ECF No. 2). The Court will dismiss Mekuria's Complaint (ECF No. 1). Mekuria is hereby advised that under 28 U.S.C. § 1915(g), he will not be granted in forma pauperis status if:

> [He] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

---

[1] Mekuria's conclusory allegations that there is a conspiracy against him and that Leasure will now have a vendetta against him are based on pure speculation and present no basis for a viable claim.

4

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This dismissal is Mekuria's first strike. A separate Order follows.

Entered this 24th day of January, 2018

/s/
George L. Russell, III
United States District Judge